UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBORAH LAUFER, | CIVIL ACTION |
| | No. 3:20-cv-00862-KAD |
| Plaintiff, | |
| - against – | |
| SOMNATH, INC. d/b/a ECONO LODGE | AUGUST 10, 2020 |
| Defendant. | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendant, Somnath, Inc. d/b/a Econo Lodge, hereby submits this Memorandum of Law in support of its Motion to Dismiss. Plaintiff's lawsuit should be dismissed because she lacks standing and has failed to state a claim upon which relief can be granted. First, Title III of the ADA requires there to be a threat of future harm, and a plaintiff cannot use her status as a tester to satisfy the standing requirements where she would not have standing otherwise. Here, Plaintiff resides in Florida, does not allege that she ever visited or plans to visit Defendant's hotel, or even Connecticut. All Plaintiff admittedly has done is visit websites for the purpose of making a personal assessment of Defendant's compliance with the ADA. As such, she cannot demonstrate concrete injuries to support standing in this case.

Second, Defendant is entitled to a dismissal of the Complaint because Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has brought suit claiming a violation of a regulation promulgated under the ADA. However, the regulation put forth by Plaintiff, 28 C.F.R.

§ 36.302(e), is not intended to subject entities such as Defendant to private rights of action for alleged non-compliance. Thus, since Plaintiff is not entitled to private action for the alleged violations outlined in the Complaint, the lawsuit should also be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6).

### I.     FACTUAL BACKGROUND

Plaintiff, whom is a resident of Florida, and asserts to qualify as an individual with disabilities pursuant to the ADA, is suing Defendant for discrimination based upon alleged non-compliance with 28 C.F.R. § 36.302(e). *Complaint*, ¶¶ 1, 6-10. Defendant owns a hotel located at 490 Main Street in East Hartford, Connecticut. Plaintiff claims that several websites, such as expedia.com, choicehotels.com, expedia.com, hotels.com, booking.com, and orbitz.com, fail to include sufficient information regarding whether Defendant's hotel rooms or features at the hotel are accessible. *Complaint*, ¶ 10. According to the Complaint, Plaintiff is seeking, and is limited to under the ADA, injunctive relief, attorney's fees, and costs. Based upon information and belief, the present case appears to be one (1) of over two-hundred (200) similar lawsuits brought by Plaintiff across no less than fourteen (14) districts, including twelve (12) filed in the District of Connecticut.

Regarding the subject case, Plaintiff does not allege to have ever visited Defendant's hotel or even the state of Connecticut. Instead, Plaintiff claims to be an advocate for disabled persons, as well as a "tester" for the purposes of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA. *Complaint*, ¶ 2. Plaintiff further alleges that, at some unspecified date and time, she "intends to revisit Defendant's online reservations system in order to test it for compliance with

28 C.F.R. Section 36.302(e)." *Complaint*, ¶ 11. The Complaint contains no allegations concerning Plaintiff's future plans regarding visiting Defendant's hotel or the state of Connecticut.

## II.     ARGUMENT

### A. The Complaint Should Be Dismissed Pursuant to Federal Rule of Civil Procedure 12(b)(1) Because Plaintiff Lacks Standing

A motion to dismiss for lack of standing is made pursuant to Rule 12(b)(1). *O & G Indus., Inc. v. Aon Risk Servs. Ne., Inc.*, 922 F. Supp. 2d 257, 262 (D. Conn. 2013). In deciding a motion to dismiss, standing cannot be inferred argumentatively from averments in the pleadings, but rather must affirmatively appear in the record. *Spencer v. Kemna*, 523 U.S. 1, 11, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998). A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the district court lacks the statutory or constitutional power to adjudicate it. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). In assessing a motion dismiss for lack of subject matter jurisdiction, the Court "accept[s] as true all material factual allegations in the complaint." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). However, the Court refrains from "drawing from the pleadings inferences favorable to the party asserting [jurisdiction]." *Id.* On a motion to dismiss pursuant to Rule 12(b)(1), a plaintiff must establish by a preponderance of the evidence that the Court has subject matter jurisdiction over the complaint. *Makarova*, supra, 201 F.3d 113.

Regarding the present matter, the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a) (1990). The only remedies available to a plaintiff under Title III of the ADA are injunctive relief to prevent ongoing discrimination and attorney's fees.

*See Fiorica v. Univ. of Rochester, Sch. of Nursing*, No. 07-CV-6232T, 2008 WL 907371, at *2 (W.D.N.Y. Mar. 31, 2008).

Plaintiff claims that Defendant discriminated against her by operating websites that fail to adhere to the requirements outlined in 28 C.F.R. § 36.302(e). The specific regulation, promulgated under the ADA, states that hotels must "[i]dentify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs." 28 C.F.R. § 36.302(e)(1)(ii). According to Plaintiff, several websites failed to include sufficient information regarding whether Defendant's hotel rooms or features at the hotel are accessible. *Complaint*, ¶ 10.

Despite Plaintiff's allegations, she does not have standing to pursue her claim. Specifically, Article III of the United States Constitution indicates that, for a plaintiff to establish standing, he or she must show: (1) an injury in fact, which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

For an injury to be particularized, it must affect Plaintiff in a personal and individual way. *Id.* at 560, n.1. To be "concrete," an injury "must actually exist;" the injury must be "real" and not "abstract." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016). Generally, "even in the context of a statutory violation," "a bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III. *Id.* at 1549-50 (holding that the plaintiff could not satisfy the demands of Article III by simply alleging that a

consumer reporting agency disseminated information in violation of the Fair Credit Reporting Act of 1970: "[a] violation of a procedural requirement may result in no harm and not all inaccuracies cause harm or present any material risk of harm."). Therefore, "the critical question for standing purposes is 'whether the particular . . . violations alleged . . . entail a *degree of risk* sufficient to meet the concreteness requirement.'" *Crupar-Weinmann v. Paris Baguette Am., Inc.*, 861 F.3d 76, 80 (2d Cir. 2017) (emphasis in original) (quoting *Spokeo*, supra, 136 S. Ct. 1550).

"A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Deshawn E. ex rel. Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998). In addition, the Second Circuit has recognized that an ADA plaintiff must allege the following: (1) past injury under the ADA; (2) that "it is reasonable to infer from [the] complaint that this discriminatory treatment will continue; and (3) it is also reasonable to infer, based on the past frequency of [her] visits and the proximity of defendant['s facility] to [her] home, that [the plaintiff] intends to return to [this facility] in the future." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008). Courts have recognized that an ADA plaintiff must show a "plausible" intent to return to the site of the violations. *See Access 4 All, Inc. v. G & T Consulting Co., LLC,* 2008 WL 851918, at *4 (S.D.N.Y. 2008). In order to be plausible, a plaintiff's intent to return to the place of the purported violation must also be demonstrated with reasonable specificity; speculative "some day" intentions' to return are insufficient. *Harty v. Greenwich Hosp. Group, LLC,* No. 3:11-CV-1759-AVC, 2012 WL 12895677, at *2, *aff'd*, 536 Fed. Appx. 154 (2d Cir. 2013). In order to determine plausibility, courts have considered, (1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiffs frequency of travel near defendant. *Id.*

An application of these factors to the present case demonstrates that Plaintiff does not have standing. First, Plaintiff resides in Florida, which is nowhere near the vicinity of Defendant's hotel in East Hartford, Connecticut. Second, the Plaintiff does not allege to have ever visited Defendant's hotel. Third, the Plaintiff has no definite plans to visit the hotel. In fact, Plaintiff simply claims to be a "tester" and vaguely alleges that at some unspecified time in the future she intends to revisit Defendant's "online reservations system in order to test it for compliance with 28 C.F.R. § 36.302(e)." Plaintiff does not allege that she intends to visit Defendant's hotel nor could any such allegation be inferred from the Complaint. Moreover, Plaintiff has not alleged she has ever visited Connecticut or has any plans to do so in the future.

These facts clearly fall short in conferring Plaintiff standing in this case, which conclusion is supported by case law both in this district and the Second Circuit. More specifically, the plaintiff in *Harty v. Greenwich Hosp. Group, LLC,* No. 3:11-CV-1759-AVC, 2012 WL 12895677, at *1, *aff'd* 536 Fed. Appx. 154 (2d Cir. 2013), alleged that, on a visit to the defendant's hotel in Stamford, Connecticut, he encountered architectural barriers that discriminated against him on the basis of his disability and endangered his safety. The plaintiff, a Florida resident, further alleged that he used to reside nearby in Nyack, New York, that he traveled to the area several times a year to visit family and attend gun shows, that when he travels to New York, he stays in the area, including Stamford, and that he planned to return to the area in June of 2012. *Id.*

These allegations are undoubtedly more supportive of standing than what Plaintiff has alleged in the present matter as she has made no allegations concerning any connection to or reason to visit the relevant area. Nonetheless, even with these stronger, more specific allegations, the Court of Appeals for the Second Circuit affirmed the lower court's decision

dismissing the case for lack of standing. *See Harty v. Greenwich Hosp. Group, LLC,* 536 Fed. Appx. 154 (Mem) (2d Cir. Oct. 28, 2013).[1] The Court found that the plaintiff's complaint did not show any "concrete plan to stay overnight in Stamford in the future" and that his allegations lacked the specificity necessary to establish an ongoing injury caused by the defendant's alleged ADA violations. *See Id.* The Court also rejected the plaintiff's assertion that he was an ADA "tester" as that allegation also lacked the requisite link to Stamford. *See Id.*

Furthermore, support for Defendant's Motion to Dismiss can also be found in other jurisdictions as well. For example, in *Hernandez v. Caesars License Company, LLC,* Civil No. 1906090 (RBK/KMW), 2019 WL 4894501, at *1 (D.N.J. October 4, 2019), the plaintiff, a resident of Florida and alleged advocate for full compliance with the ADA, sued the operator of an Atlantic City hotel and casino claiming that its website violated 28 C.F.R. § 36.302(e)(1), the same regulation at issue here. The Court found that the defendant's alleged non-disclosure of accessibility information could conceivably harm a person with disabilities, provided that person was actually looking for a place to stay in Atlantic City. However, the plaintiff in that case, like Plaintiff here, had no interest in staying at the subject hotel but rather his sole interest in visiting the website was to determine if it complied with the ADA. *See Id.* at *3. The Court also found that, while testers have demonstrated concrete injuries to support standing in other cases, the plaintiff did not. *See Id.* at *4. The Court differentiated the plaintiff's case from cases in which testers had standing because the plaintiff did not

---

[1] Recently, the Court in the Northern District of New York, presented with multiple cases brought by this Plaintiff, also raised the issue of standing with Plaintiff. See, e.g., Laufer v. Laxmi & Sons, LLC, No. 1:19-cv-01501 (BKS/ML), 2020 WL 2200207, at *1-5 (N.D.N.Y. May 6, 2020); Laufer v. 110 Western Albany, LLC, No. 1:19-cv-01324 (BKS/ML), 2020 WL 2309083, at *1-2 (N.D.N.Y. May 8, 2020). In those cases, rather than enter a default against the defendants, the court (citing Harty) ordered the Plaintiff to file a brief explaining why the Plaintiff's complaint should not be dismissed for lack of standing.

experience differential treatment nor did he allege he was considering staying at the hotel. *See Id.* As such, the Court determined that the plaintiff could not demonstrate concrete injury and did not have standing. *See Id.*

Other courts have also found that so-called "testers" did not have standing to bring claims under the ADA. In *Norkunas v. Park Rd. Shopping Ctr., Inc.,* 777 F. Supp. 2d 998, 1005 (W.D.N.C. 2011), *aff'd*, 474 F. Appx 369 (4th Cir. 2012), the Court held that a plaintiff claiming tester status lacked threat of imminent future harm:

> Nor is Plaintiff afforded standing simply by way of his status as an ADA "tester." An ADA tester does not have standing to sue under Title III in the same way a tester has standing under Title II of the Civil Rights Act of 1964, as Plaintiff suggests. Instead, the law makes clear that a Title III plaintiff cannot use her status as a tester to satisfy the standing requirements where she would not have standing otherwise.

*Id.* at 1005; see also *Brown v. Grand Island Mall Holdings, Ltd.,* No. 4:09CV3086, 2010 WL 489531, at *4, n.6 (D. Neb. Feb. 8, 2010) ("While the number of ADA Title III cases [the plaintiff] has filed in this court suggests this allegation is true, [the plaintiff's] 'tester' status does not relieve her of the obligation to prove in this case that she will return to the [facility] once the alleged barriers to access are removed"); *Judy v. Pingue,* No. 2:08-CV-859, 2009 WL 4261389, at *5 (S.D. Ohio Nov. 25, 2009) ("Any tester status that [the plaintiff] might possess does not confer standing to seek prospective relief where he cannot show a reasonable likelihood of returning to [defendant's] property").

The aforementioned reasoning is consistent with both the *Harty* and *Hernandez* decisions and reinforces the position that Plaintiff in this case does not have standing. Accordingly, the Complaint should be dismissed under Rule 12(b)(1) or, in the alternative, Defendant requests that the Court allow limited discovery on the issue of standing and then schedule a hearing on the matter before further litigation ensues.

> B. <u>Plaintiff's Complaint Should be Dismissed Under Federal Rule of Civil Procedure 12(b)(6) as There is No Private Right of Action Under 28 C.F.R. § 36.302(e).</u>

In addition to Plaintiff's lack of standing, the Complaint should also be dismissed because she has no private right of action under 28 C.F.R. § 36.302(e). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Court may dismiss a complaint for failure to state a claim upon which relief can be granted. "A complaint must be dismissed if it does not plead enough facts to state a claim to relief that is plausible on its face." *Brown v. Daikin Am. Inc.,* 756 F.3d 219, 225 (2d Cir. 2014) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (citing *Twombly*, supra, 550 U.S. 555, 127 S. Ct. 1955). The lack of a private right of action is properly the subject of a motion under Rule 12(b)(6). *See Hartford Healthcare Corp. v. Anthem Health Plans, Inc.,* No. 3:17-CV-1686 (JCH), 2017 WL 4955505, at *5 (D. Conn. Nov. 1, 2017) (treating a motion brought under 12(b)(1) as a 12(b)(6) motion and explaining that even if the defendant "prevailed on its argument that the ACA provides no private right of action, such an argument would not eliminate the court's subject matter jurisdiction over the case.").

Here, Plaintiff has brought this suit claiming a violation of a regulation promulgated under the ADA. However, not every regulation promulgated under the ADA carries with it a private right of action. *See Lonberg v. City of Riverside,* 571 F.3d 846, 852 (9th Cir. 2009),

(finding that ADA regulation 28 C.F.R. § 35.150(d) was not enforceable through the ADA's private of action found in § 202 of Title II because the obligations the regulation imposed "are nowhere to be found in § 202's plain language"). "Only those regulations effectuating the statute's clear prohibitions or requirements are enforceable through the statute's private right of action; regulations that do not encapsulate the statutory right and corresponding remedy are not privately enforceable." *Id.* at 851. "[A] regulation that announces an obligation or a prohibition not imposed by the organic statute may not be enforced under the aegis of a statutory right of action." *Iverson v. City of Boston,* 452 F.3d 94, 101 (1st Cir. 2006). "[T]he dispositive question is whether the regulation either forbids conduct that the statute allows or imposes an obligation beyond what the statute mandates. If that question produces an affirmative answer, the regulation is not privately enforceable." *Id.*

Certain subparagraphs of the regulation at issue, 28 C.F.R. § 36.302(e)(1), impose an obligation beyond what the statutory provisions of the ADA mandate. For example, Title III of the ADA does not require places of public accommodation to provide detailed information about their handicap accessible features, but that is precisely what 28 C.F.R. § 36.302(e)(1)(ii) requires and is the factual predicate for Plaintiff's Complaint. Furthermore, this regulation is based on a reasonableness standard. *See* 28 C.F.R. § 36.302(e)(1)(ii) (places of lodging must identify and describe accessible features "in enough detail to reasonably permit individuals with disabilities to assess . . ."). The Final Rules promulgating 28 C.F.R. § 36.302(e)(1)(ii) even recognize that "the information and level of detail needed will vary based on the nature and age of the facility." See Nondiscrimination on the Basis of Disability in State and Local Government Services, 75 Fed. Reg. 56,236, 56,274 (Sept. 15, 2010) (to be codified at 28 C.F.R. pt. 36) ("Final Rules").

>The Department of Justice explained:
>
>>The Department recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations.

*Id*. The regulation lacks the clarity required to impose liability upon places of lodging through a private right of action. *See Id.*, (explaining that "it may be sufficient" to provide certain information). As a consequence, this regulation is not entitled to controlling weight on what constitutes "discrimination" because the regulation is "substantively arbitrary." *See Shotz v. City of Plantation, Fla.,* 344 F.3d 1161, 1179, n.26 (11th Cir. 2003).

Finally, the Department of Justice did not even intend to regulate websites through the issuance of the relevant Final Rules. It expressly excluded websites from its scope, stating, "The Department did not issue proposed regulations as part of its [Notice of Proposed Rulemaking], and thus is unable to issue specific regulatory language on Web site accessibility at this time." *See* Final Rules, 75 Fed. Reg. 56,316; see also, 75 Fed. Reg. 56,240 ("The Department intends to engage in additional rulemaking in the near future addressing . . . accessibility of Web sites operated by covered public entities and public accommodations."). Therefore, neither Congress nor the Department of Justice intended to subject places of lodging to private rights of action for the alleged noncompliance with 28 C.F.R.§ 36.302(e)(1)(ii), and, resultantly, Plaintiff's Complaint should be dismissed in its entirety.

**III.    CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that Plaintiff's Complaint be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, that limited discovery on standing be permitted and a hearing scheduled prior to further litigation in this proceeding.

                              Respectfully submitted,

                    By:  <u>  /s/ Thomas H. Houlihan, Jr.</u>
                          Timothy R. Scannell
                          Federal Bar No.: ct28847
                          Thomas H. Houlihan, Jr.
                          Federal Bar No.: ct30131
                          Boyle Shaughnessy Law, P.C.
                          280 Trumbull Street, 23rd Floor
                          Hartford, CT 06103
                          Telephone: (860) 952-9800
                          Facsimile: (860) 278-7757
                          Email:
                          tscannell@boyleshaughnessy.com
                          thoulihanjr@boyleshaughnessy.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on August 10, 2020, a copy of the foregoing Memorandum of Law in Support of Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ Thomas H. Houlihan, Jr.